NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RONALD H. POSYTON III,

    *Plaintiff,*

v.

KEVIN O'KEEFE, et al,

    *Defendants.*

Civil Action No. 17-5139

**OPINION**

**John Michael Vazquez, U.S.D.J.**

Plaintiff Ronald Posyton ("Plaintiff") filed an initial Complaint on July 14, 2017, D.E. 1, and then filed an Amended Complaint ("FAC") on August 21, 2017. D.E. 8. On September 29, 2017, the Court granted Plaintiff *in forma pauperis* status pursuant to 28 U.S.C. § 1915 but dismissed Counts II, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI of Plaintiff's FAC without prejudice after screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] D.E. 15-16. The Court allowed Counts I, III, IV, V of the FAC to remain.[2] D.E. 15-16. The Court, however, did

---

[1] The dismissed Counts are as follows: II & VI (retaliation for exercising Plaintiff's rights under the First Amendment), VII (failure to intervene in violation of Plaintiff's Fourteenth Amendment rights), VIII & IX (unlawful entry onto Plaintiff's property and a subsequent illegal search in violation of his Fourth Amendment rights), X (tarnished reputation in violation of N.J. Constitution Art. I), XI (violation of Plaintiff's right to counsel under the Fourteenth Amendment), XII (assault and battery), XIII (intrusion upon seclusion), XIV (trespassing), XV (negligent hiring), and XVI (a claim against civilian Kenneth Hogan for assault and battery).

[2] The Counts surviving the initial screening of the FAC are as follows: I & IV (illegal search and seizure in violation of Plaintiff's Fourth Amendment rights) III (false imprisonment in violation

not order the FAC to be served at that time, instead first permitting Plaintiff time to file an amended complaint to address the deficiencies noted in the dismissed counts.

Plaintiff filed this Second Amended Complaint ("SAC") on October 10, 2017. D.E. 18. Because Plaintiff is still proceeding *in forma pauperis*, the Court screens Plaintiff's SAC pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court now **DISMISSES** Count V of the SAC with prejudice because it fails to state a plausible claim for relief. Counts I, II, III, IV of Plaintiff's SAC allege the same form of relief that the Court allowed to remain after screening the FAC, specifically illegal search and seizure, false imprisonment, and excessive force. These counts remain.[3]

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).

---

of Plaintiff's Fourteenth Amendment rights), and V (excessive force in violation of Plaintiff's Fourth Amendment rights).

[3] For the purposes of this screening pursuant to 28 U.S.C. § 1915(e)(2)(B) "the Court accepts as true all well-pleaded facts in the complaint." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Thus, taking the alleged facts in the light most favorable to Plaintiff, Plaintiff has sufficiently pled plausible causes of action in Counts I, II, III, and IV. While Plaintiff included the Westfield Police Department Report ("Report"), which offers alternative facts concerning the events of the night in question, as an attachment to his Second Amended Complaint, Plaintiff denies the veracity of the Report. SAC ¶¶ 68-72. At this screening stage, the Court accepts Plaintiff's allegations of the Report's falsity. The Court is **not** making a final determination as to the accuracy of the statements in the Report; instead, the Court is merely accepting as true Plaintiff's allegation that the Report is inaccurate solely for purposes of screening.
   Further, the Court's ruling does not prejudice Defendants from litigating this matter as they see fit, including the decision whether to file a motion to dismiss pursuant to Rule 12(b)(6).

*Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's Amended Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

As stated above, after screening Plaintiff's FAC the Court dismissed Counts II, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI without prejudice. As to those counts, the Court gave Plaintiff leave to file a second amended complaint within thirty days addressing the deficiencies noted in the Court's opinion if he so chose. D.E. 15-16. In his, SAC Plaintiff re-alleged the causes of action that the Court allowed to remain and re-pled only one cause of action, Officers Martinez's and Johnson's unlawful entry onto and search of his property in violation of the Fourth Amendment, that the Court had dismissed without prejudice after screening the FAC.

In Plaintiff's FAC he alleged that Defendant Officers Steven Martinez and Ricardo Johnson unlawfully entered onto and searched Plaintiff's property. Specifically, Plaintiff alleged that the officers unlawfully walked on the property and that Officer Martinez then improperly rang the doorbell. FAC ¶ 119. Plaintiff claimed the following: "Martinez rang the [Plaintiff's] doorbell, and then [Plaintiff's] mother answered the door." FAC ¶ 92. In screening that claim the Court

3

noted that "[w]hen law enforcement officers who are not armed with a warrant knock on a door, they do no more than any private citizen might do. And whether the person who knocks on the door and requests the opportunity to speak is a police officer or a private citizen, the occupant has no obligation to open the door or to speak." *Kentucky v. King*, 563 U.S. 452, 469–70 (2011). D.E. 15. The Court also noted that the Supreme Court has found that such actions do not threaten or violate the Fourth Amendment without the police taking further unconstitutional action. *Id.*; D.E. 15. Thus, the Court dismissed Plaintiff's counts alleging an unlawful entry and search of his property. D.E. 15-16.

In his SAC, Plaintiff's allegations of the officers' unlawful entry and search of his property in violation of his Fourth Amendment rights fares no better. Plaintiff re-alleges the same facts in the SAC regarding Officers Martinez's and Johnson's conduct of walking onto his property. For example, Plaintiff simply reasserts that "Martinez and Johnson entered onto the curtilage of [his] home at approximately 11:00 p.m. without a warrant, implied license, consent, probable cause, reasonable suspicion, exigent circumstances, justification, or due process of law" in violation of his Fourth Amendment rights. SAC ¶ 87. Thus, Plaintiff's factual allegations, once again, do not plausibly plead an unlawful entrance or illegal search of his property.

In light of the fact that this is Plaintiff's second time amending his complaint, and Plaintiff merely re-alleges the same facts which the Court already found deficient, the Court finds that any further amendment of the allegations concerning Officer Martinez's and Johnson's conduct of entering onto Plaintiff's property would be futile. Therefore, Count V of Plaintiff's SAC is **DISMISSED WITH PREJUDICE**. A dismissal with prejudice means that Plaintiff is precluded from filing any future suit against Defendants concerning the allegations in Count V of the SAC. As discussed in some depth in the Court's first opinion screening Plaintiff's FAC, D.E. 15, the

causes of action in Counts I, II, III and IV of Plaintiff's SAC have survived the Court's screening. Specifically, Counts I and II remain against Officers Kevin O'Keefe, Steven Martinez, Christopher Forcenito, Ricardo Johnson, and Freeman. Counts III and IV remain against Officers Martinez and Forcenito.

An appropriate form of Order accompanies this Opinion.

Dated: October 16, 2017

                                                        John Michael Vazquez, U.S.D.J.