**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONALD H. POSYTON, III,<br>*Plaintiff*,<br><br>v.<br><br>KEVIN O'KEEFE, *et al*,<br>*Defendants*. | Civil Action No. 17-5139<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

The Court is in receipt of numerous motions filed by Plaintiff, who is proceeding *pro se* and *in forma pauperis*, concerning this matter, and it

**APPEARING** that on September 19, 2017, the Court ordered (D.E. 13) that Defendants' motion for summary judgment (D.E. 12) be administratively terminated and, further, that no service be effectuated until the Court screened the Amended Complaint and, if applicable, ordered the Clerk of the Court to issue summonses; and it

**APPEARING** that on September 29, 2017, the Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and ordered that no summonses be issued until Plaintiff first had an opportunity to file a Second Amended Complaint addressing certain deficiencies noted in the Court's screening of the Amended Complaint (D.E. 15, 16); and it

**APPEARING** that on October 10, 2017, Plaintiff filed a Second Amended Complaint (D.E. 18); and it

**APPEARING** that on October 16, 2017, the Court screened the Second Amended Complaint and dismissed Count V with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B); ordered the Clerk of the Court to mail Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and ordered that once the Marshal received the USM-285 Forms from Plaintiff, and the Marshal so alerted the Clerk of the Court, the Clerk of the Court should issue summonses in connection with the USM-285 Forms and the Marshal should serve the summonses, the Second Amended Complaint, and the Court's screening Opinion and Order (D.E. 15, 16) to the addresses specified on the USM-285 Forms (D.E. 20, 21); and it

**APPEARING** that on October 18, 2017, the Clerk of the Court mailed Plaintiff the USM-285 Forms (D.E. 22); and it

**APPEARING** that on January 22, 2018, Plaintiff submitted a letter (D.E. 23) to the Clerk of the Court requesting that summonses be issued, but that after speaking with the Marshal, the Clerk of the Court noted on the docket that the Marshal had never received USM-285 Forms from Plaintiff (D.E. 23); and it

**APPEARING** that on February 5, 2018, Plaintiff filed a motion for entry of default and default judgment (D.E. 27) stating that he was not required to serve Defendants because they made a "general appearance" through their filing of a motion for summary judgment; and it

**APPEARING** that on February 8, 2018, Defendants filed an Answer (D.E. 28) to the Second Amended Complaint; and it

**APPEARING** that on February 9, 2018, Defendants field a brief in opposition (D.E. 30) to Plaintiff's motion for default judgment (D.E. 27) stating that Defendants had not been served with the Second Amended Complaint and indicating that defense counsel, on October 19, 2017,

emailed Plaintiff and offered to accept service of the summonses and Second Amended Complaint from Plaintiff, but that Plaintiff instead moved for entry of default and default judgment; and it

**APPEARING** that on February 13, 2018, Plaintiff moved to strike (D.E. 32) Defendants' affirmative defenses from the Answer for failure to meet the heightened plausibility standard and because Defendants allegedly waived service; and it

**APPEARING** that on February 21, 2018, Plaintiff filed a motion for partial summary judgment (D.E. 33) without first seeking the permission of the Court and without any discovery having been taken; and it

**APPEARING** that on March 2, 2018, Plaintiff filed a motion for reconsideration (D.E 38) of the Court's dismissal of Count V in its October 16, 2017 Opinion and Order (D.E. 15, 16); and it

**APPEARING** that on March 2, 2018, Plaintiff also filed a motion in limine (D.E. 39); and it

**APPEARING** that as of March 6, 2018, the docket reflects that the Marshal has yet to receive USM-285 forms from Plaintiff;

For the foregoing reasons, and for good cause shown,

**IT IS** on this 6th day of March, 2018,

**ORDERED** that Plaintiff's motion for entry of default and default judgment (D.E. 27) is **DENIED** because Plaintiff cannot claim that Defendants put in a "general appearance" by filing a motion for summary judgment, when the Court specifically ordered (D.E. 13) the motion for summary judgment administratively terminated and ordered that no service be effectuated until the Court so ordered; and it is further

**ORDERED** that Plaintiff's motion to strike (D.E. 32) is **DENIED** because the heightened

*Iqbal/Twombly* plausible pleading standard[1] does not apply to the pleading of affirmative defenses under Federal Rule of Civil Procedure 8(c)[2] and because service was to be effectuated per the Court's Order (D.E. 13); and it is further

**ORDERED** that Plaintiff's motion for partial summary judgment (D.E 33) is **DENIED** because Plaintiff did not seek the Court's permission to file, as is required; and it is further

**ORDERED** that because Plaintiff is proceeding *pro se*, the Court is putting Plaintiff on notice that each party may only submit one motion for summary judgment in this matter and, therefore, if Plaintiff submits a motion for summary judgment, he must first get permission from the assigned Magistrate Judge and he will thereafter be precluded from filing any additional motions for summary judgment; and it is further

**ORDERED** that Plaintiff's motion for reconsideration (D.E. 38) is **DENIED** because pursuant to Local Civil Rule 7.1(i) a motion for reconsideration must be made within fourteen days of the entry of an order (here, October 16, 2017) and Plaintiff offers no explanation for why his filing is months late, even though he has been actively filing multiple motions on the docket since the entry of the Order; and it is further

**ORDERED** that Plaintiff's motion in limine (D.E. 39) is **DENIED** because it is premature, given that motions in limine come after summary judgment, after a final pretrial conference, and after the final pretrial order; and it is further

---

[1] Under this standard a pleading must "state a claim ... that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[2] *Vazquez v. Triad Media Sols., Inc.*, No. 15CV07220WHWCLW, 2016 WL 155044, at *2 (D.N.J. Jan. 13, 2016); *Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 97 (D.N.J. 2014).

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Order via regular mail and certified mail return receipt.

John Michael Vazquez, U.S.D.J.